GILLHESPY *v.* BOLEMA LUMBER &
BUILDING SUPPLIES, INC.

1. CONTRACTS—PLASTERING OF NEW HOUSE—STATUTE OF FRAUDS.
    Defendant builder's claim that verbal guarantee of payment for plastering of new house was void under statute of frauds *held*, inapplicable, where trial court found that builder had promised to pay for plastering from proceeds of sale of house and not upon promise of builder to guarantee payment by prospective purchaser (CL 1948, § 566.132).

2. FRAUDS, STATUTE OF—PROMISE TO PAY FOR FUTURE SERVICES TO THIRD PERSON—ORIGINAL OBLIGATION.
    A promise to pay for such services as may be furnished to a third person is an original, and not a collateral, promise, is

REFERENCES FOR POINTS IN HEADNOTES
[1]  49 Am Jur, Statute of Frauds §§ 4, 10, 129, 134, 135, 141, 142.
[2]  49 Am Jur, Statute of Frauds §§ 60, 61, 63, 65, 90, 128, 135.
[3]  49 Am Jur, Statute of Frauds §§ 128, 135.
[4]  33 Am Jur, Liens §§ 9, 12, 21, 23.
     36 Am Jur, Mechanic's Liens §§ 34, 48, 52, 53, 58.

based on a sufficient consideration, and is not within the statute of frauds as a promise to pay the debt or default of another, hence, need not be in writing (CL 1948, § 566.132).

3. SAME—PLASTERING OF NEW HOUSE—DIRECT OBLIGATION OF BUILDER.

Builder's oral promise to pay plasterer out of proceeds of sale of new house rather than out of its own funds does not negative conclusion builder assumed direct rather than collateral responsibility for payment, hence, statute of frauds would not be ground for avoidance of payment by builder (CL 1948, § 566.132).

4. EQUITY—LIENS—PLASTERER.

Plaster's assignee *held*, properly entitled to lien upon premises for plastering services furnished builder of new house, where plasterer had relied upon builder's representation that plasterer would be paid when the house was sold.

Appeal from Muskegon; Piercey (John H.), J. Submitted Division 3 June 2, 1966, at Grand Rapids. (Docket No. 985.)    Decided December 8, 1966.

Declaration by Leon Gillhespy and Mildred Gillhespy, assignees of Iver Lee, against Bolema Lumber & Building Supplies, Inc., a Michigan corporation, for value of services in plastering a building. Stanley Laskowicz added as party defendant. Judgment in favor of plaintiffs against defendant corporation, and judgment dismissing action as to Laskowicz. Defendant corporation appeals. Affirmed.

*Elmer R. Kuck,* for plaintiffs.

*Poppen, Street & Sorensen (Harold M. Street,* of counsel), for defendant corporation.

BURNS, J. Defendant Laskowicz desired to build his own home. Defendant Bolema, through one of its salesmen, suggested a plan whereby Laskowicz could accomplish this with no cash outlay. Under

the plan Bolema would supply the materials and Laskowicz would build the house. Upon its completion a mortgage loan would be obtained on the house and the proceeds used to reimburse Bolema.

Pursuant to the plan Bolema purchased a lot, selected by Laskowicz, upon which to construct the house. The parties then entered into a written agreement dated April 19, 1960, whereby Bolema was to furnish the materials and services necessary to build a dwelling and Laskowicz was to pay for same and was not to contract for materials, labor, appliances, or services from a source other than Bolema without its written consent. When the house was substantially completed the parties executed a land contract dated December 28, 1961, whereby Laskowicz was to buy the property for the cost incurred in its construction. The total amount due, $20,354.95, consisted of the cost of materials supplied by Bolema, the price paid for the land, and the cost of services furnished by subcontractors. Included was $1,045 due Iver Lee for plastering the house. The total amount was payable in 60 days, within which time Laskowicz was to obtain a mortgage loan.

Laskowicz's attempts to finance the purchase on suitable terms were unsuccessful and no payments were made on the land contract. Bolema instituted forfeiture proceedings before a circuit court commissioner, which resulted in a finding that $20,612.98 was due on the land contract and unpaid. A judgment of forfeiture was therefore entered on May 18, 1962. Thus the plan came to an end. Laskowicz had built a house with no cash outlay, only to lose it to Bolema. Bolema, after attempting to sell the house, rented it for $150 a month to the son of the company's president. Only one detail remained: payment for Iver Lee's plastering.

Lee had plastered the house on May 9, 1961, and had assigned the account receivable (stated to be

due from Laskowicz) to plaintiffs. After the forfeiture proceedings Lee executed a second assignment to Gillhespys stating that the account was due from Bolema. On August 2, 1962, Gillhespys brought suit against Bolema in Muskegon circuit court alleging that $1,200 was due under assignment from Iver Lee. Laskowicz was later added as a party defendant. Each defendant denied authorizing Lee to plaster the house and denied agreeing to pay him for it. Both alleged, in addition, that any promise to answer for the debt or default of the other was void under the statute of frauds.

After a nonjury trial Circuit Judge John H. Piercey dismissed the action as against Laskowicz and rendered judgment against Bolema for $1,045. The court found that neither Lee nor Laskowicz had considered that Laskowicz was to pay Lee for the plastering, but that Lee had looked exclusively to Bolema for payment. As to Bolema, the court noted there was no clear-cut understanding that Bolema would pay Lee directly, but rather the parties anticipated that Lee would be paid out of the proceeds of the sale of the house. Therefore, the court held the judgment should constitute a lien against the house. The court ordered Bolema to pay the plaintiffs one-half of the rental proceeds toward satisfaction of the judgment.

Bolema filed a timely claim of appeal and raises 2 questions, as follows:

"1. Is a verbal 'guarantee' of payment for plaster work, or a verbal promise to pay for such work on a house being constructed by another, enforceable in view of the statute of frauds?

"2. Where no party to a transaction involving the building of a house suggested a lien for plastering work, no such lien was discussed or agreed upon, and no claim of lien was filed under the mechanic's

lien law, may the court impose a lien for such work after the house is finished?"

The statute of frauds argument is based on that part of CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922) which declares to be void every agreement, contract or promise, unless in writing or evidenced by a written note or memorandum signed by the party to be charged, "to answer for the debt, default or misdoings of another person." This has no application to the facts of this case, however, because the findings of the trial court make it clear that Bolema was found liable based upon its promise to Lee to pay for the plastering out of the proceeds of the sale of the house, not upon a promise to guarantee payment by Laskowicz.

A promise to pay for goods or services to be furnished to a third person, based on a sufficient consideration, is an original rather than collateral promise and is not within the statute of frauds as a promise to pay the debt or default of another. *City of Highland Park* v. *Grant-Mackenzie Co.* (1962), 366 Mich 430, 438 *et seq.*, and cases therein cited. The finding that Bolema promised to pay Lee out of the proceeds of the sale of the house rather than out of its own funds does not negative the conclusion that Bolema assumed direct rather than collateral responsibility for payment. The statute of frauds is not grounds for avoidance thereof.

Bolema also takes issue with the trial court's imposition of a lien upon the house, contending that this was not within the contemplation of the parties. Cited is the rule stated in *Wiltse* v. *Schaeffer* (1950), 327 Mich 272, at 282, that " 'liens can only be created by agreement, or by some fixed rule of law. It is not one of the functions of courts to create them.' " In *Tustin Lumber Co.* v. *Ryno* (1964), 373 Mich 322,

a lumber dealer, who furnished materials for a cottage, relied upon the owners' representations that money had been placed in escrow to pay for the materials and therefore lost his opportunity to be secured by a materialman's lien. He was granted an equitable lien upon the premises.

The present case is analogous to the *Tustin Case*, *supra*, in that Iver Lee relied upon the representations that Bolema would pay him when the house ·was sold. He should be protected by a lien against the subject property.

Judgment affirmed. Costs to appellees.

HOLBROOK, P. J., and HOFFIUS, J., concurred.